UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

DOCKET NO.

| | |
|---|---|
| PINE CONE HILL, INCORPORATED, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| L.L. BEAN, INC., | ) |
| Defendant | ) |

## VERIFIED COMPLAINT FOR DAMAGES
## AND INJUNCTION FOR COPYRIGHT INFRINGEMENT
## JURY TRIAL DEMANDED

### PRELIMINARY STATEMENT

1.    This is an action brought by the Plaintiff, Pine Cone
Hill, Incorporated ("Pine Cone Hill"), against the Defendant,
L.L. Bean, Inc. ("L.L. Bean"), for copyright infringement and
other causes of action resulting from the unlawful use and
copying of constituent elements of a quilt entitled, "Allyson's
Garden," ("Allyson's Garden") designed and created by Pine Cone
Hill in violation of the exclusive rights of Pine Cone Hill (as
holder of the copyright in The Work) under Section 106 of the
Copyright Act of 1976, Title 17, Unites States Code.

### JURISDICTION AND VENUE

2.    This is a suit for copyright infringement under the
United States Copyright Act of 1976, as amended, 17 U.S.C., §
501 et seq. ("The Copyright Act"), and claims for

misappropriation, unfair competition, and unfair and deceptive acts or practices. This Court has jurisdiction pursuant to 28 U.S.C., § 1338(a), 15 U.S.C., § 1121, and its pendant jurisdiction.

3.    Venue is proper in this district under 28 U.S.C., § 1400(a).

PARTIES

4.    Pine Cone Hill is a Massachusetts Corporation having a principal place of business at 125 Pecks Road, Pittsfield, MA 01201.

5.    L.L. Bean is a corporation having a principal place of business at 15 Casco Street, Freeport, Maine 04033, doing business in Massachusetts.

6.    L.L. Bean owns, operates and does business as L.L. Bean, which is engaged in retail and catalogue sales.

COUNT I
CLAIM FOR RELIEF
(COPYRIGHT INFRINGEMENT, 17 U.S.C., § 501 ET SEQ.)

7.    Pine Cone Hill is a designer, manufacturer and importer of quilts and other materials and holds copyrights to a great number of its products.

8.    "Allyson's Garden" was first offered for sale in the United States and throughout the world on October 21, 2000.

9.   Pine Cone Hill complied in all respects with the requirements of the Copyright Act and applied for and received from the Register of Copyrights, Certificate of Registration Number VA 1-669-957 attached hereto as Exhibit A, for the work "Allyson's Garden."   The Registration was obtained in the name of Pine Cone Hill and is dated June 29, 2009, and is referred to herein as the "Allyson's Garden."

10.   From the time of its creation, Pine Cone Hill was and still is the owner of the Copyright in the Allyson's Garden as shown at Exhibit A.

11.   On or about October 21, 2000, Pine Cone Hill began to sell and distribute its "Allyson's Garden" quilt, sham and bedskirt to L.L. Bean for sale in L.L. Bean's stores and catalog under the name "Allyson's Garden."

12.   After providing the "Allyson's Garden" quilt, sham, bedskirt and design to L.L. Bean, unbeknownst to Pine Cone Hill, L.L. Bean wrongfully copied Pine Cone Hill's "Allyson's Garden" and deceptively and maliciously caused Pine Cone Hill's quilt and sham to be manufactured elsewhere without authorization or license from Pine Cone Hill, and thereafter renamed it "Cottage Floral."

13.   L.L. Bean continued to sell the "Cottage Floral" quilt and sham in its L.L. Bean catalog and stores "palming" it off as Pine Cone Hill's "Allyson's Garden" quilt and sham.

14. In its most recent catalog, Late Summer 2009, L.L. Bean offers and continues to offer for sale its "Cottage Floral" design quilt and sham at page 86.

15. With no authorization from Pine Cone Hill, L.L. Bean has caused to be manufactured, has sold, continues to sell since the date of registration, and is causing to be distributed quilts and shams entitled, "Cottage Floral," that are copies of, and bear constituent elements of Pine Cone Hill's Work, "Allyson's Garden."

16. With no authorization from Pine Cone Hill, L.L. Bean has caused to be copied Pine Cone Hill's Work, "Allyson's Garden," and constituent elements thereof that is original, and that was designed and created by Pine Cone Hill.

17. L.L. Bean has passed off the design of Pine Cone Hill's "Allyson's Garden" as its own.

18. L.L. Bean's products labeled, "Cottage Floral," are the same or substantially similar to protectable elements of Pine Cone Hill's Work, "Allyson's Garden."

19. L.L. Bean's quilt and sham labeled, "Cottage Floral," or portions thereof, is an actual copy of Pine Cone Hill's Work, "Allyson's Garden."

20. L.L. Bean, its agents, servants, employees, and persons for whom it is legally responsible, had access to Pine Cone Hill's design, quilt, sham and bedskirts, and L.L. Bean's

4

quilt and sham contain substantial similarities to Pine Cone Hill's quilt and sham that are probative of copying.

21. Since the date of registration of "Allyson's Garden" and since being notified to discontinue selling "Cottage Floral," L.L. Bean has derived and continues to derive substantial revenues from the sale of its "Cottage Floral" quilt and sham and, unless enjoined by this Court, will continue to cause them to be manufactured and distributed and to derive revenue from their sale. On information and belief, L.L. Bean's conduct alleged herein is and has been willful.

22. As a consequence of L.L. Bean's unauthorized conduct, Pine Cone Hill is suffering irreparable harm, and has sustained and continues to sustain, monetary damages.

23. By virtue of the foregoing circumstances, L.L. Bean has infringed on Pine Cone Hill's exclusive rights under 17 U.S.C., § 106 of the Copyright Act of 1976, and is an infringer within the meaning of 17 U.S.C., § 501(a).

WHEREFORE, the Plaintiff, Pine Cone Hill, Incorporated demands:

1. That the Defendant, L.L. Bean, Inc., its officers, agents, servants, employees, and all other persons acting under their permission and authority, or in active concert or participation with them, be enjoined and restrained during the pendency of this action, and permanently, from infringing in any

manner the "Allyson's Garden," or on the above copyright and from causing to be manufactured or distributed, and from publishing, selling or marketing "Cottage Floral," the Infringing Goods or any other product with the same design;

2.    That the Defendant, L.L. Bean, Inc., be required to account to the Plaintiff, and pay to the Plaintiff, for all actual damages of the Plaintiff, and profits derived by the Defendant attributable to its "Cottage Floral" quilts and shams, and Defendant's infringement of the above copyright pursuant to 17 U.S.C., § 504(b);

3.    That the Defendant, L.L. Bean, Inc., be ordered to pay damages for each claim of infringement pursuant to 17 U.S.C., § 504; and

4.    Judgment against the Defendant, L.L. Bean, Inc., for:

(a)    Plaintiff's actual damages pursuant to 17 U.S.C., § 504(b); and

(b)    Statutory damages pursuant to 17 U.S.C., § 504(c), including damages awardable on a finding that the above infringement was committed willfully; and

(c)    Costs and reasonable attorney's fees pursuant to 17 U.S.C., § 505; and

(d)    Such other further relief as is just.

COUNT II
(MISAPPROPRIATION)

24. Pine Cone Hill incorporates herein Paragraphs 1 through 23 above, as if fully set forth herein.

25. After ordering Pine Cone Hill's "Allyson's Garden" quilt, sham and bedskirt, L.L. Bean developed the intent to wrongfully copy and misappropriate Pine Cone Hill's property and design.

26. L.L. Bean has misappropriated the design of Pine Cone Hill's quilt and sham "Allyson's Garden" when L.L. Bean used constituent elements of Pine Cone Hill's design in its "Cottage Floral" quilt and sham without authorization and for its own profit.

27. L.L. Bean wrongfully, deceptively, and maliciously copied Pine Cone Hill's quilt, sham and bedskirt in bad faith and such conduct constitutes misappropriation.

WHEREFORE, the Plaintiff, Pine Cone Hill, Incorporated, demands:

1. That the Defendant, L.L. Bean, Inc., its officers, agents, servants, employees, and all other persons in active concert or participation with them, be enjoined during the pendency of this action, and permanently, from causing to be manufactured or distributed, and from publishing, selling or

7

marketing "Cottage Floral" quilt and sham, or any other product with the same design; and

2.    That the Defendant, L.L. Bean, Inc., be required to account to the Plaintiff, and pay to the Plaintiff, for all profits derived by the Defendant attributable to the sale of its "Cottage Floral" quilts and shams, and Defendant's misappropriation of the Plaintiff's design; and

3.    Judgment against the Defendant, L.L. Bean, Inc., in an amount that is just and appropriate to compensate Pine Cone Hill, Incorporated for its damages, lost profits, and losses sustained, plus interest, costs, and reasonable attorney's fees.

COUNT III<br>(UNFAIR COMPETITION)

28.    Pine Cone Hill incorporates herein Paragraphs 1 through 27 above, as if fully set forth herein.

29.    By copying constituent elements of Pine Cone Hill's work, "Allyson's Garden," without authorization and for its own profit, L.L. Bean has engaged in unfair methods of competition.

30.    L.L. Bean wrongfully, deceptively and maliciously copied Pine Cone Hill's quilt, sham, bedskirt and "Allyson's Garden" design in bad faith and for its own profit, and such misappropriation of Pine Cone Hill's property constitutes unfair competition.

31. L.L. Bean's bad faith misappropriation of constituent elements of Pine Cone Hill's design of its "Allyson's Garden" quilt, sham and bedskirt is likely to cause confusion and/or deceive purchasers in the market place as to the origin of L.L. Bean's quilts and shams.

32. L.L. Bean, through its acts or omissions, has proximately caused a misappropriation of Pine Cone Hill's quilt and shams, "Allyson's Garden."

33. L.L. Bean's conduct, as set forth herein, was done in bad faith, knowing that the design of the quilt and sham L.L. Bean sold as "Cottage Floral" were copies of Pine Cone Hill's "Allyson's Garden" quilt and sham.

34. L.L. Bean's actual misappropriation of Pine Cone Hill's quilt design, was a misappropriation of Pine Cone Hill's exclusive property, which caused harm to Pine Cone Hill by virtue of a decrease in sales of Pine Cone Hill's "Allyson's Garden" quilt and sham.

WHEREFORE, the Plaintiff, Pine Cone Hill, Incorporated, demands:

1. That the Defendant, L.L. Bean, Inc., its officers, agents, servants, employees, and all other persons in active concert or participation with them, be enjoined during the pendency of this action, and permanently, from causing to be manufactured or distributed, and from publishing, selling or

marketing "Cottage Floral," or any other product with the same design; and

2.    That the Defendant, L.L. Bean, Inc., be required to account to the Plaintiff, and pay to the Plaintiff, for all profits derived by the Defendant attributable to the sale of its "Cottage Floral" designs and products and Defendant's unfair competition; and

3.    Judgment against the Defendant, L.L. Bean, Inc., in an amount that is just and appropriate to compensate Pine Cone Hill, Incorporated for its damages, lost profits, and losses sustained, plus interest, costs, and reasonable attorney's fees.

COUNT IV
(M.G.L. c. 93A, UNFAIR AND DECEPTIVE ACTS AND PRACTICES)

35.    Pine Cone Hill incorporates herein Paragraphs 1 through 34 above, as if fully set forth herein.

36.    At all times relevant hereto, L.L. Bean was engaged in trade or commerce in the Commonwealth of Massachusetts.

37.    At all times relevant hereto, Pine Cone Hill was engaged in trade or commerce in the Commonwealth of Massachusetts.

38.    After L.L. Bean ordered Pine Cone Hill's "Allyson's Garden" quilt, sham and bedskirt, L.L. Bean developed the fraudulent intent and purpose to secretly and deceptively copy same.

10

39. In 2002 and 2003, L.L. Bean demanded that Pine Cone Hill reveal the names of their manufacturers, suppliers and cost to Pine Cone Hill to produce the "Allyson's Garden" products and thereafter, when Pine Cone Hill refused to reveal this protected trade information, L.L. Bean discontinued placing any further orders of "Allyson's Garden" products from Pine Cone Hill and began to secretly copy same in order to increase their profits without compensating Pine Cone Hill.

40. Unbeknownst to Pine Cone Hill, after L.L. Bean discontinued ordering Pine Cone Hill's "Allyson's Garden" quilt and sham, L.L. Bean secretly copied Pine Cone Hill's design, procured manufacture elsewhere of its own "Cottage Floral" quilt and sham and began selling same.

41. The acts of L.L. Bean in obtaining and copying constituent elements of Pine Cone Hill's design, "Allyson's Garden," and offering the same for sale as its own in its "Cottage Floral" quilt and sham without authorization and for profit, goes beyond mere reproduction of Pine Cone Hill's design, and constitutes unfair and deceptive acts and trade practices under M.G.L. c. 93A, § 11.

42. The acts of L.L. Bean in continuing to sell it's "Cottage Floral" quilt and sham after having received notice from Pine Cone Hill on April 8, 2009, to discontinue selling same because of its infringement of Pine Cone Hill's design,

11

constitutes unfair and deceptive acts and trade practices under M.G.L. c. 93A, § 11.

43. The acts of L.L. bean violate the implied covenant of good fair and fair dealing in contractual relations between businesses and constitute a violation of M.G.L. c. 93A as a matter of law.

44. The acts of L.L. Bean as described herein, including its misrepresentations and demand for confidential trade practices, were wrongful, deceptive and malicious and otherwise immoral, unethical and/or unscrupulous, and constitute unfair and deceptive acts and trade practices under M.G.L. c. 93A, § 11.

45. L.L. Bean's conduct in disputing origination of its "Cottage Floral" design and acquisition of constituent elements of Pine Cone Hill's "Allyson's Garden" design without payment, by unfair or deceptive means, was an unfair and deceptive trade practice as defined under M.G.L. c. 93A and has attainted a level of rascality that is unlawful.

46. L.L. Bean's conduct in secretly and deceptively copying Pine Cone Hill's quilt and sham for its own profit, after Pine Cone Hill provided its quilt to L.L. Bean, and after Pine Cone Hill refused to reveal confidential trade practices, constitutes unfair and deceptive acts and trade practices in violation of M.G.L. c. 93A, § 11.

12

47. L.L. Bean's conduct, as described herein, goes beyond mere reproduction of Pine Cone Hill's design of "Allyson's Garden," and was dishonest, unscrupulous and unethical behavior proscribed by c. 93A.

48. The actions of L.L. Bean as described herein were performed willfully and knowingly.

49. Pine Cone Hill could have sold its "Allyson's Garden" design and quilt to other customers at great profit, but held it for L.L. Bean's future use never considering that L.L. Bean would misappropriate the design for its own benefit.

50. As a result of the above-described unfair and deceptive acts or practices as described herein, Pine Cone Hill sustained damages, continues to suffer damage, including but not limited to, lost sales and profits.

WHEREFORE, the Plaintiff, Pine Cone Hill, Incorporated, demands:

1. That the Defendant, L.L. Bean, Inc., be required to account to the Plaintiff, and pay to the Plaintiff, for all profits derived by the Defendant attributable to the sale of its "Cottage Floral" quilts and shams and Defendant's unfair competition; and

2. Judgment against the Defendant, L.L. Bean, Inc., in an amount that is just and appropriate to compensate Pine Cone Hill, Incorporated for its damages, lost profits, and losses

13

sustained, plus interest, costs, and reasonable attorney's fee,
and treble the amount of damages pursuant to M.G.L. c. 93A.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.

RESPECTFULLY SUBMITTED
THE PLAINTIFF
By its attorneys,

Dated:   October 29, 2009


/s/ Michael D. Hashim, Jr.
Michael D. Hashim, Jr., Esq.
BBO No. 225220


/s/ Kenneth P. Ferris
Kenneth P. Ferris, Esq.
BBO No. 556627

HASHIM & SPINOLA
82 Wendell Avenue
Pittsfield, MA 01201
Tel. (413) 499-1304
hslawyers@verizon.net

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WESTERN DIVISION

I, Christian Selke, President of Pine Cone Hill, Incorporated, duly sworn, do depose and say that Pine Cone Hill, Incorporated is the Plaintiff in this action and that I have read the foregoing Verified Complaint for injunctive relief and damages, and hereby state that the allegations contained therein are true to the best of my knowledge, information and belief. I believe that all of the allegations in the Verified Complaint are true.

Sworn and subscribed to under the pains and penalties of perjury, this __31__ day of __August__, 2009.

PINE CONE HILL, INCORPORATED

BY _____
   Christian Selke
   Its President

MDH,JR:lmg
Pine Cone Hill\LLBean\copyright complaint

15

## CERTIFICATE OF SERVICE

      I, Michael D. Hashim, Jr., Esq., hereby certify that on this *29th* day of *October*, 2009, this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

      Kevin R. Haley, Esq.
      Brann & Isaacson
      184 Main Street
      P.O. Box 3070
      Lewiston, ME 04243-3070
      khaley@brannlaw.com

      _____
      Michael D. Hashim, Jr., Esq.